UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:99 CR 86 |
| ) | |
| CHARLES SCOTT ) | |

## OPINION and ORDER

This matter is before the court on defendant Charles Scott's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 461.) For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

In July 1999, following his jury trial, Scott was convicted of: one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; three counts of robbery, in violation of 18 U.S.C. § 1951; and three counts of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (DE # 82.) These convictions stemmed from Scott's participation, along with his co-defendants, in four robberies. Scott was 22 years old at the time he joined the conspiracy. Scott is presently 45 years old and has a projected release date of December 20, 2042. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 17, 2020).

In May 2000, this court sentenced Scott to a total term of 618 months' imprisonment, and a three-year term of supervised release. (DE ## 181, 182.) Scott's conviction for the conspiracy and three robberies accounted for 78 months of his total prison sentence. The remaining 540 months of his sentence were the result of the three

counts of conviction under § 924(c), which carried a mandatory, consecutive sentence of five years, 20 years, and 20 years, respectively. Scott's convictions under § 924(c) are the subject of his present motion for compassionate release.

In December 2018, Congress passed the First Step Act. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The First Step Act did two things that are relevant to Scott's present motion. First, it limited prosecutors' ability to "stack" charges under § 924(c). *Id.* at § 403. In 1999, when Scott was sentenced, a prosecutor could bring multiple § 924(c) charges in the same indictment, and obtain the enhanced penalties for a "second or subsequent" § 924(c) conviction, without the defendant having a prior, final § 924(c) conviction. *See e.g. Deal v. United States*, 508 U.S. 129, 132 (1993). In Scott's case, although he did not have a prior § 924(c) conviction at the time he was sentenced in this case, his § 924(c) charges were stacked, resulting in a mandatory, consecutive five-year sentence on his first § 924(c) conviction, and two enhanced mandatory, consecutive 20-year sentences on his second and third § 924(c) convictions.

Today, under the First Step Act, a defendant must have a prior, final conviction under § 924(c) before the enhanced mandatory minimum penalty[1] for subsequent convictions is applicable. 18 U.S.C. § 924 (c)(1)(C). If Scott were sentenced today, he would receive three mandatory, consecutive five-year terms under § 924(c) – a sentence 30 years shorter than the one he received in 2000. However, these changes in the First

---

[1] The enhanced mandatory minimum penalty was 20 years when Scott was sentenced, and is 25 years today.

2

Step Act were not made retroactive. First Step Act § 403(b).

The second relevant change that the First Step Act made was to permit defendants to bring motions for compassionate release directly to the courts, rather than waiting for the Bureau of Prisons (BOP) to make such motions on their behalf. *Id.* at § 603.

In November 2020, Scott, with the assistance of counsel, filed a motion for compassionate release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 461.) Scott argues that the large sentencing disparity created by the changes to § 924(c), as a result of § 403 of the First Step Act, is an injustice that this court should now remedy by granting Scott compassionate release. Scott argues that he is facing a term of imprisonment that is 30 years longer than the term that Congress deems fair for offenders sentenced today. Scott also points to other changes in the law since he was sentenced. Since Scott was sentenced, the Supreme Court has changed the mandatory nature of the Sentencing Guidelines, *United States v. Booker*, 543 U.S. 220 (2005), and has held that a sentencing court may consider a defendant's mandatory minimum sentences under § 924(c) when determining an appropriate sentence for the predicate crimes. *Dean v. United States*, 137 S. Ct. 1170 (2017). Scott argues that, were he sentenced today, this court could impose whatever sentence it deemed appropriate, perhaps lowering Scott's sentence even further. Finally, Scott argues that his relatively young age at the time he committed the offenses, and his post-sentencing conduct in prison, weigh in favor of granting him compassionate release. The Government opposes Scott's motion.

3

Scott has filed a motion for oral argument. (DE # 464.) However, the court will deny this motion. The parties' briefs and the record adequately present the facts and legal argument, and oral argument would not significantly aid the court. This matter is fully briefed and is ripe for ruling.

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1.     Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the BOP before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

4

warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

On June 22, 2020, Scott petitioned the warden at his prison for compassionate release based on the First Step Act's non-retroactive changes to § 924(c). (DE # 463-1.) The Warden denied Scott's request on September 24, 2020. (DE ## 463, 463-2.) Because Scott filed his motion after the lapse of 30 days from the receipt of his initial request by the Warden, he has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A).

### 2. Extraordinary and Compelling Reasons

#### A. *Authority to Grant Scott's Motion*

The court is only authorized to grant Scott's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission enumerates a list of circumstances, relating to the defendant's age, medical condition, or family circumstance, that rise to the level of an extraordinary and compelling reason. The Sentencing Commission then includes a catch-all provision, which states: "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1.

The Government argues that this court lacks the authority to grant Scott's request for compassionate release because district courts lack the authority to determine what circumstances are "extraordinary and compelling," outside of the enumerated reasons in the application notes to § 1B1.13. (DE # 478 at 7.) The Seventh Circuit has rejected this argument. Section 3582(c)(1)(A) requires that any reduction in a defendant's sentence be consistent with all "applicable" policy statements; yet, as currently written, § 1B1.13 only addresses motions and determinations made by the Director of the BOP – not motions made by prisoners. *Gunn*, 2020 WL 6813995, at *2. Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *Id.* Therefore, the Sentencing Commission has not yet issued a policy statement that is "applicable" to motions brought directly to the court by prisoners, and "the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *Id.* Rather, "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.' . . . In this way the Commission's analysis can guide discretion without being conclusive." *Id.* Accordingly, the court will consider Scott's motion, using § 1B1.13 and its application notes as a guide.

      B.     *Scott's Circumstance is Not Extraordinary and Compelling*

This court recognizes that district courts across the country, and within this Circuit, have split on the propriety of granting compassionate release in cases such as

6

this.² *Compare United States v. Goetz*, No. 198CR00123SEBKPF, 2020 WL 5423920, at *4 (S.D. Ind. Sept. 10, 2020) (denying compassionate release on the basis that the defendant "may not use 18 U.S.C. § 3582(c)(1)(A)(i)'s 'extraordinary and compelling' provision as an end-around to achieve a result that Congress did not intend."); *United States v. Savoy*, No. 1:08CR00272-3, 2020 WL 6733683, at *5 (M.D.N.C. Nov. 13, 2020); *United States v. Gashe*, No. CR07-4033-LTS, 2020 WL 6276140, at *3 (N.D. Iowa Oct. 26, 2020); *United States v. Andrews*, No. CR 05-280-02, 2020 WL 4812626 (E.D. Pa. Aug. 19, 2020); *with United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *3 (E.D. Wis. Aug. 7, 2020) (granting compassionate release based on sentencing disparity, and finding that "[t]he lack of retroactivity [in § 403] 'simply establishes that a defendant sentenced before the [First Step Act] is not automatically entitled to resentencing; it does not mean that the court may not or should not consider the effect of a radically changed sentence for purposes of applying § 3582(c)(1)(A).'" (internal citations omitted)); *United States v.*

---

² The circuit courts that have weighed in on this issue have affirmed the district court's decision in cases where the district court denied compassionate release based on the changes to § 924(c), and in cases where the district court granted compassionate release based on the changes to § 924(c). *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020), *reh'g denied* (Nov. 2, 2020) (district court did not abuse its discretion in declining to find that changes to § 924(c) and defendant's rehabilitative efforts did not amount to an extraordinary and compelling circumstance); *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *11 (4th Cir. Dec. 2, 2020) ("[W]e find that the district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act."); *see also United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) (declining to find, as a matter of law, that the district court would have abused its discretion had it granted defendant compassionate release based on changes to § 924(c), defendant's record of rehabilitation, and his age at the time of the offense).

7

*Curtis*, No. 01-CR-03-TCK, 2020 WL 6484185, at *8 (N.D. Okla. Nov. 4, 2020); *United States v. Baker*, No. 10-20513, 2020 WL 4696594, at *4 (E.D. Mich. Aug. 13, 2020); *United States v. Pollard*, No. CR 10-633-1, 2020 WL 4674126, at *6 (E.D. Pa. Aug. 12, 2020). This court finds the reasoning in the former line of cases more compelling.

This court is not persuaded that the sentencing disparities created by § 403 amount to an extraordinary and compelling reason justifying compassionate release. Congress expressly declined to make § 403's sentencing changes retroactive, despite making other sentencing amendments in the First Step Act retroactive. *Compare* First Step Act § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.") *with id.* at § 404(b) (making changes enacted in the Fair Sentencing Act of 2010 retroactive).

If Congress wished for district courts to make the changes to § 924(c) retroactive it would have said so. "In general, a statute adopting new, more lenient penalties does not apply to pre-enactment offenses unless retroactive application is the 'plain import' or 'fair implication' of the new statute. Retroactive application is the 'plain import' of section 403 because it explicitly covers pre-Act conduct—but only 'if a sentence for the offense has not been imposed as of such date of enactment.'" *United States v. Sparkman*, 973 F.3d 771, 774 (7th Cir. 2020) (internal citations omitted). "Ultimately, in legislating mandatory sentences for certain crimes, Congress divest[s] the courts of all sentencing discretion below those mandatory minimums." *Andrews*, 2020 WL 4812626, at *6.

This court rejects the position, accepted by some, that by simultaneously

8

declining to make the amendments in § 403 retroactive, and also expanding the use of compassionate release, Congress contemplated that the courts would grant compassionate release based on the resulting sentencing disparities on a case-by-case basis. "It seems unlikely that in the very same Act in which Congress elected not to make the sentence reductions in § 924(c) retroactive it permitted courts to do that very thing in a more obscure way via changes to the compassionate release process of § 3582(c). Congress is expert at writing laws and does not 'hide elephants in mouseholes.'" *Savoy*, 2020 WL 6733683, at *5 (emphasis omitted) (quoting *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001)).

A finding that the sentencing disparities created by § 403 are extraordinary and compelling would make virtually every defendant sentenced before the First Step Act's passage eligible for a reduced sentence – a result Congress plainly did not intend. It is the role of Congress, and not the district courts, to determine whether, and under what circumstances, a sentencing amendment is retroactive. This court will not use the First Step Act's procedural change to § 3582(c)(1)(A) as a vehicle to circumvent Congressional intent.

Moreover, finding an extraordinary and compelling circumstance based on the sentencing disparities created by a non-retroactive law would be too far removed from the guidance provided by § 1B1.13. *See Gashe*, 2020 WL 6276140, at *4. This guideline identifies extraordinary and compelling reasons that are based on an individual prisoner's characteristics (medical condition, age, and family circumstance). Adding a category of potentially extraordinary and compelling reasons based on sentencing

9

disparities – a circumstance wholly divorced from the enumerated types of personal situations – falls too far afield the guidance provided by § 1B1.13. And again, a finding that a nonretroactive sentencing change can be an extraordinary and compelling circumstance would create a situation in which most defendants sentenced before the First Step Act would be eligible for a reduced sentence, making compassionate release more of a categorical reduction rather than a determination based on an individual's specific circumstances, and rendering the word "extraordinary" meaningless.

The court has considered Scott's individual circumstances, including his age at the time of his offenses and his work toward rehabilitation while he has been incarcerated. However, in light of the foregoing, the court finds that Scott has not identified any extraordinary and compelling reason justifying compassionate release. His motion must therefore be denied.

### III. CONCLUSION

The court **DENIES** defendant's motion for oral argument (DE # 464) and **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 461).

                                              **SO ORDERED.**

Date: December 18, 2020

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT